```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

RISSMAN HENDRICKS & OLIVERIO,   )
LLP f.k.a. RISSMAN JOSBE        )
HENDRICKS & OLIVERIO, LLP       )
f.k.a. KUDIRKA & JOBSE, LLP,    )
        Plaintiff,              )
                                )
        v.                      )
                                )   C.A. No. 11-10791-MLW
MIV THERAPEUTICS INC., MIV      )
SCIENTIFIC HOLDINGS, LTD,       )
BIOSYNC SCIENTIFIC PVT, ALAN P. )
LINDSAY a.k.a ALAN LINDSAY,     )
PATRICK MCGOWAN, and CHRIS      )
XUNAN CHEN a.k.a. CHRIS CHEN,   )
        Defendants.             )
```

## ORDER

WOLF, D.J.                                            August 30, 2013

It is hereby ORDERED that:

1. Plaintiff shall, by September 3, 2013, respond to the Emergency Motion of Non-Party Subpoenaed Witness Dennis E. McKenna, Esq. and Riemer & Braunstein for a Protective Order (Docket No. 187). If plaintiff opposes the motion, it shall describe with specificity what the requested testimony of Mr. McKenna and Riemer & Braunstein will address, why it is necessary or important, and how long it is expected to take.

2. Plaintiff's Emergency Ex Parte Motion to File Under Seal Plaintiff's Concurrently Filed Motion to Compel Production and Preservation of Alan Lindsay's Text and Email Correspondence from April 11, 2011 to Present (Docket No. 190) is DENIED. In addition, the Motion to Compel (Docket No. 190-1) is DENIED without prejudice.

In an August 28, 2013 Order that was sealed temporarily (Docket No. 186), the court ordered the plaintiff to serve any renewed Motion to Preserve and Compel. Plaintiff has not done so. Evidently misunderstanding the August 29, 2013 sealed Order, plaintiff also has not filed a redacted version of sealed Docket No. 185. In addition, plaintiff has not complied with Rule 7.1 (B)(1) of the Local Rules of the United States District Court for the District of Massachusetts by failing to file a memorandum of reasons and legal authorities, and supporting affidavits with the renewed motion. In the absence of a persuasive affidavit, plaintiff has not provided justification for what would be, in effect, the issuance of an injunction <u>ex</u> <u>parte</u>. <u>See</u> F. R. Civ. P. 65 (b) (1)(A). Accordingly, Plaintiff's Ex Parte Emergency Motion (Docket No. 190-1) has been denied without prejudice to possible reconsideration if and when it is served and the court receives a response.

      3. Docket entries 185, 186 and 190 are UNSEALED.

                                                <u>/s/ Mark L. Wolf</u>
                                        UNITED STATES DISTRICT JUDGE