UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
RISSMAN HENDRICKS & OLIVERIO,    )
LLP f.k.a. RISSMAN JOSBE         )
HENDRICKS & OLIVERIO, LLP        )
f.k.a. KUDIRKA & JOBSE, LLP,     )
        Plaintiff,               )
                                 )
        v.                       )
                                 )   C.A. No. 11-10791-MLW
MIV THERAPEUTICS INC., MIV       )
SCIENTIFIC HOLDINGS, LTD,        )
BIOSYNC SCIENTIFIC PVT, ALAN P.  )
LINDSAY a.k.a ALAN LINDSAY,      )
PATRICK MCGOWAN, and CHRIS       )
XUNAN CHEN a.k.a. CHRIS CHEN,    )
        Defendants.              )
```

MEMORANDUM AND ORDER CONCERNING CONTEMPT

WOLF, D.J.                                         September 17, 2013

This case was filed in the Suffolk Superior Court of the Commonwealth of Massachusetts on April 6, 2011. After giving notice to defendants MIV Therapeutics, Inc., MIV Scientific Holdings PVT, Biosync Scientific PVT, Alan P. Lindsay, Patrick McGowan, and Chris Xunan Chen, on April 13, 2011, the Superior Court issued the Preliminary Injunction that is attached hereto as Exhibit A.

The defendants, represented by counsel, subsequently removed the case to this United States District Court. They did not ask to have the Preliminary Injunction removed or altered.

On December 6, 2011, the court allowed plaintiff Rissman, Hendricks, Oliverio LLP's ("Rissman") motions for default judgments on all counts except Counts 15 and 16, which seek permanent

injunctive relief, against defendants MIV Therapeutics, Inc., MIV Scientific Holdings, Ltd., Biosync Scientific PVT, and Chris Xunan Chen (the "Defaulted Defendants"). Default Judgments were entered on December 6, 2011, and amended as to the amount of the judgment in December 22, 2011.[1] As Counts 15 and 16 were not resolved, the court continues to have jurisdiction over the Defaulted Defendants.

In addition, the court denied Lindsay's motion to dismiss for lack of personal jurisdiction. Therefore, the court has jurisdiction over him.[2]

The Preliminary Injunction, among other things, prohibits defendants from converting or transferring any of their assets, including stock, unless the first $480,000 of the proceeds were provided to counsel for Rissman to hold in escrow pending further order of the court. Rissman has recently provided the court with evidence that suggests that each of the defendants may have knowingly and wilfully violated the Preliminary Injunction by participating in the sale of MIV Therapeutics, Inc.'s stock in MIV Therapeutics (India) PVT Ltd. to Purple Medical Solutions PVT Ltd. ("Purple Medical"). The evidence suggesting that each defendant knowingly and wilfully violated the Preliminary Injunction includes

---

[1] The default judgments entered on December 6 and 22, 2011 mistakenly failed to state that judgment was not being entered on Counts 15 and 16. An amended judgment was entered on September 17, 2013, to correct that error.

[2] Rissman voluntarily dismissed its claims against McGowan.

2

the July 27, 2011 email, attached hereto as Exhibit B, from Brian Lancelot of Purple Medical to Chen, Lindsay, and defendants' counsel Thomas Deutsch, which states, in part: "The order [] puts an injunction against the sale of shares, assets and involves affiliates and subsidiaries and would make the sale invalid."

The foregoing presents the question of whether any or all of the defendants should be held in civil and/or criminal contempt for violating the Preliminary Injunction. The court will proceed to determine first whether any defendant should be held in civil contempt, without prejudice to the possibility of commencing criminal contempt proceedings. As criminal contempt preceding are possible, defendants are advised that they have the right to an attorney and, if they demonstrate that they cannot afford to retain counsel and are otherwise eligible, an attorney may be appointed to represent them upon request. In addition, defendants are advised that anything they say may be used against them in a criminal proceeding and, therefore, depending on the circumstances, they may have a right under the Fifth Amendment of the United States Constitution not to testify in any civil and/or criminal contempt proceedings.

In view of the foregoing, it is hereby ORDERED that:

1. An evidentiary hearing will begin on October 15, 2013, at 9:30 a.m., to determine whether MIV Therapeutics, Inc., MIV Scientific Holdings, Ltd., Biosync Scientific PVT, Alan P. Lindsay,

and/or Chris Xunan Chen should be held in civil contempt for violating the Preliminary Injunction by their conduct relating to the sale of MIV Therapeutics (India) PVT. Ltd. stock to Purple Medical Solution PVT Ltd. Each of the defendants shall attend the hearing, which will, if necessary, continue on October 16, 17, and 18.

    2. If a defendant cannot afford counsel and wishes to request appointment of an attorney, the defendant shall, by October 3, 2013, file an accurate and complete Financial Affidavit in the form attached hereto as Exhibit C.

    3. The court shall attempt to serve the defendants named in paragraph 1 hereinabove.

    4. Riemer & Braunstein LLP shall promptly send this Order to the defendants named in paragraph 1 hereinabove, except for Lindsay, with the September 17, 2013 Memorandum and Order Concerning Subpoena and, by October 2, 2013, report on its efforts to have it delivered to each defendant and the results of that effort.

                                                      */s/ Mark L. Wolf*
                                              UNITED STATES DISTRICT JUDGE

EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS
SUFFOLK, SS.                          SUPERIOR COURT
                                      CIVIL ACTION NO. 11-1357. A

RISSMAN HENDRICKS & OLIVERIO, LLP
F/K/A RISSMAN JOSBE HENDRICKS &
OLIVERIO, LLP F/K/A KUDIRKA & JOBSE, LLP,
    Plaintiff

v.

MIV THERAPEUTICS INC,
MIV SCIENTIFIC HOLDINGS LTD,
BIOSYNC SCIENTIFIC PVT,
ALAN P. LINDSAY A/K/A
ALAN LINDSAY, PATRICK MCGOWAN,
AND CHRIS XUNAN CHEN A/K/A CHRIS CHEN,
    Defendants

PRELIMINARY INJUNCTION

After hearing with notice having been given to all parties it is ORDERED AND ADJUDGED THAT UNTIL FURTHER ORDER OF THE COURT WE COMMAND you defendants MIV THERAPEUTICS INC, MIV SCIENTIFIC HOLDINGS LTD, BIOSYNC SCIENTIFIC PVT, ALAN P. LINDSAY A/K/A ALAN LINDSAY, PATRICK MCGOWAN, AND CHRIS XUNAN CHEN A/K/A CHRIS CHEN ALAN P. LINDSAY A/K/A ALAN LINDSAY and their respective heirs and beneficiaries, agents, successors and assigns, affiliates, stockholders, bonding agents, trustees, insurers, servants, owners, employees, officers, sureties, bonding agents, independent contractors, attorneys and counselors, and each and every one of them are hereby ORDERED RESTRAINED AND ENJOINED as follows:

    A.    Defendants MIV THERAPEUTICS INC and MIV SCIENTIFIC HOLDINGS LTD, and their respective heirs and

beneficiaries, agents, successors and assigns, affiliates, stockholders, bonding agents, trustees, insurers, servants, owners, and attorneys, are restrained and enjoined from directly or indirectly conveying, liquidating, encumbering, transferring, pledging, gifting or withdrawing in any manner any of its legal and beneficial interest in any bank accounts or any monies therein irrespective where located, other than in the ordinary course of business, up to $480,000.00 other than to directly pay or transfer same to Attorney Alan M. Cohen to be held in escrow pending agreement by the parties or further ORDER of this Court.

B. Defendants MIV THERAPEUTICS INC and MIV SCIENTIFIC HOLDINGS LTD, and their respective heirs and beneficiaries, agents, subsidiaries, successors and assigns, affiliates, stockholders, bonding agents, trustees, insurers, servants, owners, and attorneys, are restrained and enjoined from directly or indirectly conveying, liquidating, encumbering, transferring, pledging, gifting or diluting any of their assets, including without limitation, any real and personal tangible and intangible property unless the first $480,000.00 of the proceeds and/or value received is paid to Attorney Alan M. Cohen to be held in escrow pending

      agreement by the parties or further ORDER of this Court.

C.   Defendants MIV THERAPEUTICS INC and MIV SCIENTIFIC HOLDINGS LTD, and their respective heirs and beneficiaries, agents, subsidiaries, successors and assigns, affiliates, stockholders, bonding agents, trustees, insurers, servants, owners, and attorneys, are restrained and enjoined from directly or indirectly conveying, liquidating, encumbering, transferring, pledging, gifting or diluting any of the their respective corporate stock, stock options and any real and/or personal tangible and intangible property unless the first $480,000.00 of the proceeds and/or value received is paid to Attorney Alan M. Cohen to be held in escrow pending agreement by the parties or further ORDER of this Court.

D.   Defendants MIV THERAPEUTICS INC and MIV SCIENTIFIC HOLDINGS LTD, and their respective heirs and beneficiaries, agents, subsidiaries, successors and assigns, affiliates, stockholders, bonding agents, trustees, insurers, servants, owners, and attorneys, are restrained and enjoined from directly or indirectly conveying, liquidating, encumbering, transferring, pledging, paying or gifting any real and personal tangible and intangible property, including, but not limited to, monies, stock, stock options, or other forms of bonuses to

the defendants ALAN P. LINDSAY A/K/A ALAN LINDSAY, PATRICK MCGOWAN, AND CHRIS XUNAN CHEN A/K/A CHRIS CHEN unless $480,000.00 is paid to Attorney Alan M. Cohen to be held in escrow pending agreement by the parties or further ORDER of this Court.

E. Defendants ALAN P. LINDSAY A/K/A ALAN LINDSAY, PATRICK MCGOWAN, AND CHRIS XUNAN CHEN A/K/A CHRIS CHEN MIV THERAPEUTICS INC and MIV SCIENTIFIC HOLDINGS LTD, and their respective heirs and beneficiaries, agents, successors and assigns, subsidiaries, affiliates, stockholders, bonding agents, trustees, insurers, servants, owners, and attorneys, are restrained and enjoined from directly or indirectly conveying, liquidating, encumbering, transferring, pledging, gifting or diluting any of the their respective corporate stock, and stock options in MIV THERAPEUTICS INC, MIV SCIENTIFIC HOLDINGS LTD, BIOSYNC SCIENTIFIC PVT and affiliates and subsidiaries, unless $480,000.00 of the proceeds and/or value received therefrom is paid to Attorney Alan M. Cohen to be held in escrow pending agreement by the parties or further ORDER of this Court.

F. Defendants ALAN P. LINDSAY A/K/A ALAN LINDSAY, PATRICK MCGOWAN, AND CHRIS XUNAN CHEN A/K/A CHRIS CHEN MIV THERAPEUTICS INC and MIV SCIENTIFIC HOLDINGS LTD, and

their respective heirs and beneficiaries, agents, successors and assigns, subsidiaries, affiliates, stockholders, bonding agents, trustees, insurers, servants, owners, and attorneys, are restrained and enjoined from directly or indirectly conveying, liquidating, encumbering, transferring, pledging, gifting or diluting any of the their respective real estate and interests therein, including without limitation the property located at 81371 Andalusia, La Quinta, CA 92253, as well as their personal tangible and intangible property, wherever located, unless $480,000.00 of the proceeds and/or value received therefrom is paid to Attorney Alan M. Cohen to be held in escrow pending agreement by the parties or further ORDER of this Court.

G. Defendants shall within ten days of this Order provide the plaintiff with a detailed written accounting of all monies derived from or received in connection with the patent applications or extensions that the plaintiff filed or extended for or on behalf of the corporate defendants.

H. Defendants ALAN P. LINDSAY A/K/A ALAN LINDSAY, PATRICK MCGOWAN, AND CHRIS XUNAN CHEN A/K/A CHRIS CHEN shall, within twenty days of this Order provide plaintiff with a detailed written accounting of all monies that they received, directly or indirectly from the corporate

defendants MIV THERAPEUTICS INC, MIV SCIENTIFIC HOLDINGS LTD and BIOSYNC SCIENTIFIC PVT and subsidiaries, affiliates or related entities from January 1, 2009 through and including the present.

I. Defendants MIV THERAPEUTICS INC, MIV SCIENTIFIC HOLDINGS LTD and BIOSYNC SCIENTIFIC PVT and their respective subsidiaries, heirs and beneficiaries, agents, successors and assigns, affiliates, stockholders, bonding agents, trustees, insurers, servants, owners, and attorneys, are restrained and enjoined from directly or indirectly conveying, encumbering, transferring, pledging, gifting or withdrawing in any manner of its legal and beneficial interest in any bank accounts or any monies therein as well as in any other real or personal tangible or intangible property, including without limitation stock and stock options, irrespective of where located, up to $480,000.00 other than to directly pay or transfer same to Attorney Alan M. Cohen to be held in escrow pending agreement by the parties or further ORDER of this Court.

By the Court

Quinlan, J.

Dated: April 13, 2011

I HEREBY ATTEST AND CERTIFY ON
4-13-11 THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK/MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

By

Alan M. Cohen                                                                    EXHIBIT B

-----Original Message-----
From: sunita@ignite-capital.com [mailto:sunita@ignite-capital.com]
Sent: Wednesday, July 27, 2011 11:46 AM
To: 'brianlancelot100@yahoo.com'; 'Chris MIVT'; 'Thomas Deutsch'; 'Alan Lindsay'; 'Mathew Thomas Kerala'
Subject: RE: Conf call - thursday

Sure that time works for me.

-----Original Message-----
From: brianlancelot100@yahoo.com [mailto:brianlancelot100@yahoo.com]
Sent: Wednesday, July 27, 2011 10:53 AM
To: Chris MIVT; Thomas Deutsch; Alan Lindsay; Sunita Canada; Mathew Thomas Kerala
Subject: Conf call - thursday

Dear Chris,

Further to the mail on the court order:

The crisil rating does not give details of my colleague and also the courier was delivered at our earlier office address. This is the work of someone trying to put a spanner in the deal.

The order however puts an injunction against the sale of shares, assets and involves affiliates and subsidiaries and would make the sale invalid.

Can we have a conf call Thursday morning 9.30am PST to sort this out.

Regards,
Brian
Sent from BlackBerryR on Airtel

1

# FINANCIAL AFFIDAVIT
## IN SUPPORT OF REQUEST FOR ATTORNEY, EXPERT OR OTHER SERVICES WITHOUT PAYMENT OF FEE

IN THE UNITED STATES ☐ DISTRICT COURT ☐ COURT OF APPEALS ☐ OTHER *(Specify below)*

IN THE CASE OF

_____ v. _____

FOR _____

AT _____

**LOCATION NUMBER**

PERSON REPRESENTED *(Show your full name)*

1 ☐ Defendant - Adult
2 ☐ Defendant - Juvenile
3 ☐ Appellant
4 ☐ Probation Violator
5 ☐ Supervised Release Violator
5 ☐ Habeas Petitioner
7 ☐ 2255 Petitioner
8 ☐ Material Witness
9 ☐ Other *(Specify)* _____

**DOCKET NUMBERS**
Magistrate Judge
District Court
Court of Appeals

CHARGE/OFFENSE *(describe if applicable & check box →)* ☐ Felony ☐ Misdemeanor

## ANSWERS TO QUESTIONS REGARDING ABILITY TO PAY

**INCOME & ASSETS**

**EMPLOYMENT**

Are you now employed? ☐ Yes ☐ No ☐ Self-Employed

Name and address of employer: _____

IF YES, how much do you earn per month? $ _____

IF NO, give month and year of last employment? _____
How much did you earn per month? $ _____

If married, is your spouse employed? ☐ Yes ☐ No

IF YES, how much does your spouse earn per month? $ _____

If you are a minor under age 21, what is the approximate monthly income of your parent(s) or guardian(s)? $ _____

**OTHER INCOME**

Have you received within the past 12 months any income from a business, profession or other form of self-employment, or in the form of rent payments, interest, dividends, retirement or annuity payments, or other sources? ☐ Yes ☐ No

RECEIVED / SOURCES

IF YES, give the amount received and identify the sources
$ _____
$ _____
$ _____

**CASH**

Do you have any cash on hand or money in savings or checking accounts? ☐ Yes ☐ No IF YES, total amount? $ _____

**PROPERTY**

Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)? ☐ Yes ☐ No

VALUE / DESCRIPTION

IF YES, give value and description for each
$ _____
$ _____
$ _____

**OBLIGATIONS & DEBTS**

**DEPENDENTS**

MARITAL STATUS
___ Single
___ Married
___ Widowed
___ Separated or Divorced

Total No. of Dependents _____

List persons you actually support and your relationship to them

**DEBTS & MONTHLY BILLS**
*(Rent, utilities, loans, charge accounts, etc.)*

| DESCRIPTION | TOTAL DEBT | MONTHLY PAYMENT |
|---|---|---|
| _____ | $ _____ | $ _____ |
| _____ | $ _____ | $ _____ |
| _____ | $ _____ | $ _____ |
| _____ | $ _____ | $ _____ |

I certify under penalty of perjury that the foregoing is true and correct.

_____  _____
SIGNATURE OF DEFENDANT                 Date
*(OR PERSON REPRESENTED)*