```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

RISSMAN HENDRICKS & OLIVERIO,        )
LLP f.k.a. RISSMAN JOSBE             )
HENDRICKS & OLIVERIO, LLP            )
f.k.a. KUDIRKA & JOBSE, LLP,         )
        Plaintiff,                   )
                                     )
        v.                           )
                                     )   C.A. No. 11-10791-MLW
MIV THERAPEUTICS INC., MIV           )
SCIENTIFIC HOLDINGS, LTD,            )
BIOSYNC SCIENTIFIC PVT, ALAN P.      )
LINDSAY a.k.a ALAN LINDSAY,          )
PATRICK MCGOWAN, and CHRIS           )
XUNAN CHEN a.k.a. CHRIS CHEN,        )
        Defendants.                  )

## MEMORANDUM AND ORDER CONCERNING SUBPOENA

WOLF, D.J.                                          September 17, 2013

This case was filed in the Suffolk Superior Court of the Commonwealth of Massachusetts on April 6, 2011. A Preliminary Injunction which, among other things, prohibits defendants from transferring certain assets was entered on April 13, 2011. The court is informed that all of the defendants -- MIV Therapeutics, Inc., MIV Scientific Holdings, Ltd., Biosync Scientific PVT, Alan Lindsay, Patrick McGowan, and Chris Xunan Chen -- retained Riemer & Braunstein LLP ("Riemer") to represent them. Riemer removed the case, with the Preliminary Injunction that had been issued, to this United States District Court.

After motions for default judgment were filed concerning all the defendants except for Lindsay and McGowan, Riemer moved to withdraw as counsel. The motion to withdraw was allowed on October

11, 2011.

On December 6, 2011, the court allowed the motion for default judgment on all counts except Counts 15 and 16, which seek permanent injunctive relief, against defendants MIV Therapeutics, Inc., MIV Scientific Holdings, Ltd., Biosync Scientific PVT, and Chris Xunan Chen ("the Defaulted Defendants"). Default judgments against them were entered on December 6, 2011, and amended as to the amount of the judgment on December 22, 2011.[1]

The court denied Lindsay's motion to dismiss for lack of personal jurisdiction.[2] On March 28, 2013, plaintiff moved to have Lindsay held in civil contempt for having violated the Preliminary Injunction. The hearing on that motion began on May 8, 2013. Lindsay, who was represented by counsel, knowingly and intentionally testified about his communications with Riemer concerning this case. Lindsay, therefore, waived any attorney-client privilege with Riemer that he may have had concerning the subject matter of this case. See Kevlik v. Goldstein, 724 F.2d 844, 850 (1st Cir. 1984); F. R. Ev. 502 (a).

The hearing to determine whether Lindsay should be held in civil contempt that began on May 8, 2013, is scheduled to resume on

---

[1] The default judgments entered on December 6 and 22, 2011 mistakenly failed to state that judgment was not entered on Counts 15 and 16. An amended judgment was entered on September 17, 2013 to correct this error.

[2] Rissman voluntarily dismissed its claims against McGowan.

2

October 15, 2013. Plaintiff has issued a subpoena to Riemer for all documents relating to this case. Such documents are relevant to the motion to hold Lindsay in contempt and also to the additional contempt proceedings the court is initiating against Lindsay and the Defaulted Defendants. See September 17, 2013 Memorandum and Order Concerning Contempt.

At a hearing on September 13, 2013, Riemer raised the question of whether the waiver of attorney-client privilege by Lindsay permits Riemer to produce the subpoenaed documents under the terms of the April 22, 2013 retainer agreement with all of the defendants, which states in part:

> [S]ince you have a common interest in the response to the claims raised by Rissman, all communications with this Firm and the undersigned, as well as communications among the Clients relating to our work in representing you, shall be considered to be privileged attorney client communications; that privilege shall not be deemed to be waived, even if a subsequent disagreement may arise among any of you.

It is axiomatic that the client, rather than the attorney, holds the privilege and the power to waive it. See Kevlik, 724 F.2d at 850. As explained earlier, two counts against the Defaulted Defendants have not yet been resolved. This court, therefore, continues to have jurisdiction concerning them. In the existing circumstances, it is most appropriate to provide each of the Defaulted Defendants notice and an opportunity to inform the court of whether the defendant believes that any confidential communications with Riemer remain privileged and, if so, whether

3

the defendant wishes to assert a possible attorney-client privilege that may exist to prevent Riemer from producing the documents that have been subpoenaed. If no Defaulted Defendant timely asserts an attorney-client privilege, the court will deem any such possible privilege to be waived. If one or more defendants timely asserts an attorney-client privilege, the court will determine whether the privilege exists.

In view of the foregoing, it is hereby ORDERED that:

1. The court shall attempt to serve this Memorandum and Order on defendants MIV Therapeutics Inc., MIV Scientific Holdings Ltd., Biosync Scientific PVT, and Chris Xunan Chen.

2. Riemer shall promptly send each defendant named in paragraph 1 hereinabove, the subpoena and this Memorandum and Order, and offer to discuss them with each defendant.

3. Riemer shall also promptly send to each such defendant the September 17, 2013 Memorandum and Order Concerning Contempt, which is being given to Riemer with this Memorandum and Order.

4. By October 2, 2013, Riemer shall report on its efforts to have this Memorandum and Order, and the Memorandum and Order Concerning Contempt, delivered to each defendant named in paragraph 1 hereinabove and the results of its efforts to do so.

5. By October 3, 2013, each defendant named in paragraph 1 hereinabove shall file, and serve on the other parties and Riemer, an affidavit stating whether the defendant asserts that any of the

defendant's confidential communications with Riemer are now privileged and, if so, whether the defendant wishes to assert any possible attorney-client privilege to prevent Riemer from producing to plaintiff the subpoenaed documents. Any defendant who does not file a timely response to this Order will be deemed to have waived any possible attorney-client privilege.

                                                    /s/ Mark L. Wolf
                                          UNITED STATES DISTRICT JUDGE