UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

RISSMAN HENDRICKS & OLIVERIO,      )
LLP f.k.a. RISSMAN JOSBE           )
HENDRICKS & OLIVERIO, LLP          )
f.k.a. KUDIRKA & JOBSE, LLP,       )
      Plaintiff,                   )
                                   )
      v.                           )
                                   )   C.A. No. 11-10791-MLW
MIV THERAPEUTICS INC., MIV         )
SCIENTIFIC HOLDINGS, LTD,          )
BIOSYNC SCIENTIFIC PVT, ALAN P.    )
LINDSAY a.k.a ALAN LINDSAY,        )
PATRICK MCGOWAN, and CHRIS         )
XUNAN CHEN a.k.a. CHRIS CHEN,      )
      Defendants.                  )

                       MEMORANDUM AND ORDER

WOLF, D.J.                                      September 27, 2013

    There have been several motions filed since the September 13, 2013 hearing and three September 17, 2013 Orders issued in this case. The court is now deciding them as follows.

    1. As agreed by plaintiff Rissman, Hendricks & Oliverio, LLP ("Rissman") and defendant Alan Lindsay (See Docket No. 223), Rissman is, pursuant to Federal Rule of Civil procedure 37(a)(5), entitled to an award of $9,689.17, against Lindsay, as reasonable attorney's fees and costs relating to Rissman's two meritorious motions to compel. It is, therefore, hereby ORDERED that Lindsay shall pay Rissman $9,689.17 by October 10, 2013.

    2. On August 6, 2013, the court ordered that the hearing on Rissman's Motion to Hold Lindsay in Civil Contempt, which began on May 8, 2013, would continue on August 14, 2013. See Aug. 6, 2013

Order. In the same Order, the court directed Thomas Deutsch, Esq. to appear and be prepared to testify concerning the two pending motions to compel him to produce documents. Id. On August 9, 2013, despite Rissman's objection, the court allowed Deutsch's Emergency Motion to Continue the August 14, 2013 hearing and rescheduled it for September 10, 11, 12 and 13, 2013. See August 9, 2013 Order. Deutsch was again ordered to appear at the hearing. Id. On September 3, 2013, the court, with Rissman's assent, allowed Lindsay's Motion to Continue the September 10, 2013 hearing as to motions that required testimony, including the motions to compel Deutsch to produce documents. See September 3, 2013 Order. At the September 13, 2013 hearing, the court orally ordered that the previously scheduled evidentiary hearings would resume on October 15, 2013, and continue from day to day until concluded. See also September 17, 2013 Memorandum and Order Concerning Subpoena at 2-3. The court intended that, as previously ordered, Deutsch appear to testify and, if ordered, produce documents at that hearing. To eliminate any arguable ambiguity, it is hereby ORDERED that Deutsch appear at the hearing which will begin on October 15, 2013, be prepared to testify on issues relating to the pending motions to compel the production of documents, and bring with him all documents implicated to by the original motions to compel (Docket Nos. 149, 159), and a third motion to compel which was filed on August 8, 2013 (Docket No. 168).

Deutsch claims in a memorandum that "pre-existing commitments preclude [him] from attending" the hearing which will begin on October 15, 2013. See Non-Party Thomas J. Deutsch's Opposition to Plaintiff's Motion for an Order Compelling Defendants to Either Claim or Waive an Attorney-Client Privilege with Thomas Deutsch and/or McMillan at 6 (Docket No. 222). It is, however, important that this case progress. Deutsch has not shown good cause why his preferred scheduled should again disrupt these proceedings. He is, therefore, put on notice that if he fails to appear as ordered on October 15, 2013, with the required documents, the court will initiate criminal contempt proceedings against him, and also issue a warrant to have him seized and brought before the court.

3. On September 18, 2013, Rissman filed a motion (Docket No. 219) for an order compelling Deutsch to provide each of the "Defaulted Defendants[1]" notice and an opportunity to inform the court of whether they believe that the confidential communications that they had with Deutsch, if any, remain privileged. Deutsch opposes this motion, arguing that it is unnecessary and, in any event such an order would be ineffective because he does not have the means to communicate with the Defaulted Defendants. (See Docket Nos. 222, 224).

---

[1] As defined in the September 17, 2013 Order Concerning Contempt the "Defaulted Defendants" are MIV Therapeutics, Inc., MIV Scientific Holdings, Ltd., Biosync Scientific PVT, and Chris Xunan Chen. See September 17, 2013 Memorandum and Order Concerning Contempt at 2.

3

Rissman's motion (Docket No. 219) is hereby DENIED, in part because the court understands from Deutsch's submissions that he does not intend to assert any attorney-client privilege with regard to the Defaulted Defendants.

4. On September 23, 2013, Rissman filed a motion to hold Deutsch in contempt (Docket No. 232), which the court construes as a request for a finding of civil contempt. Pursuant to Rule 7.1 (B)(2) of the Local Rules of the United States District Court for the District of Massachusetts, Deutsch has 14 days, meaning until October 8, 2013, to respond to this motion. It is hereby ORDERED that Deutsch do so by October 8, 2013. The court will then decide whether to address this motion at the hearings that will begin on October 15, 2013, or, if necessary, at a later date, because it is possible that the pending contempt proceedings concerning Lindsay and the Defaulted Defendants will moot the issue of whether Deutsch should be found to be in civil contempt.

　　　　　　　　　　　　　　　　　　／s／ Mark L. Wolf
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE